UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SHANE SCHAFFER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No.: 3:04-CV-615 |
| | ) (VARLAN/GUYTON) |
| FORT LOUDOUN ELECTRIC | ) |
| COOPERATIVE, | ) |
| | ) |
| Defendant. | ) |

### **MEMORANDUM OPINION**

This civil action is before the Court on plaintiffs' Motion to Remand [Doc. 7] in which they seek an order remanding this case to the Chancery Court of Monroe County, Tennessee.[1] In support of this motion, plaintiffs argue that their claims are based solely on Tennessee law and that the analysis of such claims is not dependent upon analysis of the parties' collective bargaining agreement such as to justify removal jurisdiction. The defendant has responded [Doc. 9] in opposition to the pending motion by arguing that plaintiffs' claims are preempted by federal law because any analysis of those claims will require the Court to interpret the collective bargaining agreement, an area of law that is exclusively reserved to the federal courts.

The Court has carefully considered the pending motion and the parties' related pleadings [Docs. 8, 9, 10, 13, 14] in light of the entire record and controlling law. For the reasons set forth herein, plaintiffs' motion to remand will be granted.

---

[1] Although plaintiffs' motion requests that the case be remanded to the Circuit Court for Monroe County, it appears that the case was removed from the Chancery Court for Monroe County. [*See* Doc. 2, Verified Complaint.]

**I.      Relevant Facts**

This case was originally filed in the Chancery Court for Monroe County, Tennessee. As set forth in plaintiffs' verified complaint [Doc. 2, Ex. 1], this case arises from a policy adopted by the Cooperative and its board members on July 22, 2004, regarding the election of candidates to the board of directors of the Cooperative. [*Id*. at Introduction.] Plaintiffs are all employees of the Cooperative and are members or non-member patrons of the Cooperative. [*Id*. at ¶¶ 1-29.] Plaintiffs allege that the Cooperative adopted Policy No. 220[2] which restricts employees of the Cooperative from being candidates for positions on the Board of Directors and from campaigning on behalf of candidates for the Board of Directors. [*Id*. at ¶ 38.] Plaintiffs are seeking a declaratory judgment that the Cooperative's acts have deprived plaintiffs' or rights guaranteed by the Rural Electric and Community Service Cooperative Act ("RECSCA"), Tenn. Code Ann. § 65-25-211; that the Cooperative's acts constitute a breach of the employees' contractual rights as members of the Cooperative; and that the Cooperative's acts violate Article I, § 19 of the Tennessee Constitution.[3]

---

[2]Policy No. 220 states in pertinent part as follows:
> Employees of Fort Loudoun Electric Cooperative are encouraged to individually exercise their right as residents of their respective communities during the board of director's election. They shall refrain, however, from engaging in any activity, such as organizing other employees, that might be construed as an attempt to use their position for the purpose of influencing the outcome of the election. All employee groups and organizations are prohibited from participating either directly or indirectly in the electoral process. They may not raise funds, give donations, encourage their members to give donations, issue endorsements, distribute campaign material, or engage in any other activity that may reasonably be expected to benefit a particular candidate or group of candidates.

[Doc. 1, Ex. 2.]

[3]Article I, § 19 of the Tennessee Constitution states in part as follows:
> That the printing presses shall be free to every person to examine the proceedings of the Legislature; or of any branch or officer of the government, and no law shall ever be made to restrain the right thereof. The free communication of thoughts and opinions, is one of the invaluable rights of man, and every citizen may freely speak, write, and print on any subject, being responsible for the abuse of that liberty.

2

Defendant Fort Loudoun Electric Cooperative ("the Cooperative") removed this case to this Court on December 28, 2004. [Doc. 1.] In the notice of removal, defendant asserts that plaintiffs' claims are preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. [*Id*. at ¶¶ 6-8.] The Cooperative states that the current collective bargaining agreement between the Cooperative and Local Union 760 of the International Brotherhood of Electrical Workers, of which plaintiffs are members, was reached in January 2003 and will expire on November 30, 2005. [Doc. 10 at ¶¶ 3-5.] The Cooperative further states that Policy No. 220 was adopted pursuant to the management's rights clause of the collective bargaining agreement. [*Id*. at ¶ 7.]

**II.     The Parties' Positions**

Plaintiffs argue that this case should be remanded because their claims are not based on a federal cause of action and they are the masters of their complaint. Plaintiffs assert that the Cooperative's defensive allegation of § 301 preemption is not sufficient to support removal from state court. Plaintiffs also argue that their purely state law causes of action are neither preempted by § 301 nor removable.

The Cooperative argues that plaintiffs' claims are necessarily preempted by § 301 because they will require the Court to address relationships that have been created through the collective bargaining process. The Cooperative further argues that plaintiffs' claims are preempted because they will require the Court to mediate a dispute founded upon rights created and governed by the collective bargaining agreement. The Cooperative suggests that a state law adjustment to the existing contractual rights of the parties would create conflicts in the substantive law governing

3

Tennessee employers relative to companies in other states. Finally, the Cooperative argues that plaintiffs' claims are preempted because challenges to the policy at issue require an interpretation of the collective bargaining agreement. [Doc. 9.]

In reply [Doc. 13], plaintiffs argue that the collective bargaining agreement does not impact or affect rights under RECSCA. Plaintiffs also contend that the collective bargaining agreement does not pertain to or affect their contractual rights as members of the Cooperative. Moreover, plaintiffs assert that the collective bargaining agreement has no impact on plaintiffs' rights under the Tennessee Constitution.

**III. Analysis**

A state court case may be removed to federal court only if it could have been brought there in the first place, that is, if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441(a). It is undisputed that this Court does not have diversity jurisdiction in this case inasmuch as both the plaintiffs and the defendant are citizens of Tennessee. In the absence of diversity jurisdiction, a case will not generally be removable if the complaint does not affirmatively allege a federal claim. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Roddy v. Grand Trunk Western R.R. Inc.*, 395 F.3d 318, 322 (6th Cir. 2005).

The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, recognizing that the plaintiff is the master of his complaint, a plaintiff may choose to bring a state law claim that cannot generally be "recharacterized" as a federal claim

4

for the purpose of removal. *Roddy*, 395 F.3d at 322. Moreover, it is settled that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue. *Caterpillar*, 482 U.S. at 393.

The Supreme Court has recognized a corollary to the well-pleaded complaint rule known as the "complete preemption" doctrine. *Id.* Complete preemption applies when the preemptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). When an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim and therefore arises under federal law. *Id.* The Supreme Court has recognized that § 301 of the LMRA[4] is one statute to which the complete preemption rule applies. *Beneficial Nat'l Bank*, 539 U.S. 1, 8 (2003). In fact, § 301 not only preempts state law but also authorizes removal of actions that seek relief only under state law. *Roddy*, 395 F.3d at 323; *Alongi v. Ford Motor Co.*, 386 F.3d 716, 723-24 (6th Cir. 2004).

The courts have distinguished between complete preemption that supports removal and ordinary preemption. *Roddy*, 395 F.3d at 323. As explained by the Sixth Circuit,

---

[4]Section 301 provides as follows:
> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

5

> Complete preemption that permits removal is reserved for statutes designed to occupy the regulatory field with respect to a particular subject and to create a superseding cause of action while ordinary preemption applies to statutory sections that arguably supersede conflicting state laws without creating the right of removal. The congressional intent necessary to confer removal jurisdiction upon the federal district courts through complete preemption is expressed through the creation of a parallel federal cause of action that would convert a state cause of action into the federal action for purposes of the well-pleaded complaint rule.

*Roddy*, 395 F.3d at 323 (internal quotations and citations omitted). "The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted under [§ 301] does not establish that they are removable to federal court." *Caterpillar*, 482 U.S. at 398.

While it is clear that § 301 governs claims founded directly on rights created by a collective bargaining agreement and claims which are "substantially dependent on analysis of a collective bargaining agreement," the Supreme Court has also recognized that an individual covered by a collective bargaining agreement "is permitted to assert legal rights *independent* of that agreement, including state-law contract rights, so long as the contract relied upon is *not* a collective-bargaining agreement." *Caterpillar*, 482 U.S. at 394, 396 (emphasis in original). Thus, the defensive assertion of § 301 preemption does not automatically provide a basis for removal:

> It is true that when a defense to a state claim is based on the terms of a collective-bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives. But the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule – that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court. When a plaintiff invokes a right created by a collective-bargaining agreement, th plaintiff has *chosen* to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option. But a *defendant* cannot, merely be injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

*Caterpillar*, 482 U.S. at 398-99 (emphasis in original).

6

In determining whether § 301 complete preemption applies to a state law claim, the Sixth Circuit has set forth a two-step approach. *Alongi*, 386 F.3d at 724. First, the court examines whether proof of the state law claim requires interpretation of collective bargaining agreement terms. *Id*. Second, the court ascertains whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law. *Id*. The Sixth Circuit has further advised that "[i]f the right both arises from state law and does not require contract interpretation, then there is no preemption. However, if neither or only one criterion is satisfied, § 301 preemption is warranted." *Id*.

The plaintiffs argue that their claims under RECSCA are independent of the collective bargaining agreement and there is no analogous claim under federal law. The Cooperative argues that plaintiffs' claims under RECSCA will require the Court to interpret the management rights clause of the collective bargaining agreement, the foundation on which the Cooperative issued Policy No. 220. The pertinent part of RECSCA states as follows:

> (A) The terms and conditions of a cooperative, as set forth in its articles of incorporation, bylaws or otherwise, for the admission of members and for the rendering of service to patrons:
>
> (i) Shall be just and reasonable;
>
> (ii) Shall not unreasonably discriminate as to its services, or its rates, charges or service rules and regulations, between or among consumers of the same class, or two (2) or more different consumer classes, or two (2) or more localities; and
>
> (iii) Shall not afford any unreasonable preference or advantage in favor of, or any unreasonable prejudice or disadvantage against, any consumers, consumer classes or localities;
> nor shall membership in or services from a cooperative be denied, conditioned, restricted or terminated arbitrarily, capriciously or without good cause.

Tenn. Code Ann. § 65-25-211(a)(1)(A). Plaintiffs allege that the new Cooperative policy constitutes "an unreasonable prejudice or disadvantage against them when compared to other members and nonmember patrons." [Doc. 2, Verified Complaint at ¶ 44.]

7

The parties have cited no cases which set forth or discuss the elements of proof necessary for a claim under RECSCA, nor has the Court found any authority on the subject. Without the benefit of interpretation of this statute by a Tennessee court, this Court is reluctant to state what elements of proof are necessary for a claim under RECSCA. However, it appears, based on the plain language of the above-cited portion of the statute, that a plaintiff must show that he or she has been treated differently in some relevant manner by the Cooperative in comparison to other members or patrons. Such a claim would not necessarily require the interpretation of the parties' collective bargaining agreement. The Cooperative argues that the statute requires a showing that such restrictions or disadvantages are "unreasonable," a showing which may only be made by consideration of the labor relationship.

This argument admittedly gives the Court serious pause. However, it is the substance of the plaintiffs' allegations, not the Cooperative's defenses, which this Court is required to consider in deciding questions of removal jurisdiction. *See Alongi*, 386 F.3d at 727. The Tennessee Legislature has set forth certain rights for members and patrons of electric cooperatives in RECSCA which are independent of any rights created by the parties' collective bargaining agreement. Accordingly, the Court finds that plaintiffs' claims under RECSCA are not completely preempted by § 301 for purposes of removal jurisdiction.

Count II of plaintiffs' complaint asserts a claim for breach of their contractual rights as members of the Cooperative. [Doc. 2, Verified Complaint at ¶ 48.] As set forth in plaintiffs' reply brief, plaintiffs rely on the membership agreement between the Cooperative and its members. To establish a claim for breach of contract under Tennessee law, plaintiffs must show that a contract existed by establishing that there was a meeting of the minds, mutual assent to the contractual terms, consideration, and that the contractual terms were sufficiently definite. *Forest Inc. of Knoxville v.*

8

*Guaranty Mortgage Co.*, 534 S.W.2d 853, 857 (Tenn. Ct. App. 1975). The Supreme Court has held that breach of contract claims are not necessarily superseded by a collective bargaining agreement and that plaintiffs may assert state law contract rights independent of the collective bargaining agreement. *Caterpillar*, 482 U.S. at 396. Thus, the Court finds that plaintiffs' claims of breach of their membership agreements with the Cooperative are not completely preempted by § 301 for purposes of removal jurisdiction.

Finally, plaintiffs' third cause of action is for violation of their rights to freedom of speech pursuant to Article I, § 19 of the Tennessee Constitution. [Doc. 2, Verified Complaint at ¶ 52.] The Cooperative argues that this constitutional provision has no bearing on a private employer's work rules and further that any such claim must be considered in light of the nature, purpose, and context of the speech restriction. The Court expresses no opinion as to the merits of such a claim, but finds only that plaintiffs' claims under Article I, § 19 of the Tennessee Constitution are not completely preempted by § 301 for purposes of removal jurisdiction.

## IV. Conclusion

For the reasons set forth herein, the Court finds that plaintiffs' claims are not completely preempted by § 301 of the Labor Management Relations Act and therefore removal jurisdiction is not proper. Accordingly, plaintiffs' motion to remand will be granted and this case will be remanded to the Chancery Court for Monroe County, Tennessee. The parties shall be responsible for their own costs and actual expenses, including attorney fees. *See* 28 U.S.C. § 1447(c).

Order accordingly.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE